IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH RAY FISHER,

               Plaintiff,

vs.                           Case No. 20-3078-SAC

(FNU) OLIVER,
(FNU) HAITH,
(FNU) ALLEN, and
(FNU) INGALSBE,

               Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging that he was the victim of rough and embarrassing treatment in violation of his constitutional rights. He brings this case pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Saline County Jail. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v.

1

Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant's conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)(quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Complaint

Plaintiff alleges that the four defendants, who are jail officers at the Saline County Jail, were escorting plaintiff to

3

"seg" in the jail on January 29, 2020. Plaintiff claims that halfway during this process his leg gave out and he fell. Plaintiff, who alleges that he is disabled, asserts that defendants then dragged plaintiff by his bad leg while he protested in pain. According to the complaint defendants threatened to drag plaintiff up some stairs, ("a bumpy ride", in defendant Oliver's alleged words), but did not follow through after plaintiff voiced objection. Finally, plaintiff alleges that he was placed on "watch," given a gown which did not fit, and denied boxers to cover himself when his genitalia was exposed. Plaintiff does not allege specifically what each defendant's role was in placing plaintiff on watch, assigning him the paper gown, and denying plaintiff boxer shorts.

Plaintiff asserts that defendants acted with malice, but with virtually no factual elaboration.

III. Screening

It is not clear whether plaintiff was a pretrial detainee or serving a sentence at the time of the events alleged in the complaint. Pretrial detainees draw protection from the Due Process Clause and persons serving a sentence are protected under the Eighth Amendment. When excessive force is alleged, a pretrial detainee must show only that knowing and purposeful force was used and that it was objectively unreasonable. Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). An Eighth Amendment excessive force

4

claim has an objective and a subjective component: that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and that the officials acted with a sufficiently culpable state of mind. Serna v. Colo. Dept. of Corrections, 455 F.3d 1146, 1152 (10th Cir. 2006).

In several cases with comparable, though not identical excessive force claims, courts have found that a constitutional claim was not stated because the facts did not surpass the objective threshold. See Marshall v. Milyard, 415 Fed.Appx. 850, 852 (10th Cir. 2011)(grabbing arm and digging fingernails in with enough force to injure); Rhoten v. Werholtz, 243 Fed.Appx. 364 (10th Cir. 2007)(rough treatment including being slammed against the wall, causing "great deal of discomfort and pain" but no evidence of injury, during pat down search); Norton v. City of Marietta, OK., 432 F.3d 1145, 1156 (10th Cir. 2005)(grabbing and twisting neck and "hurting it"); Tapia v. City of Albuquerque, 101 Fed.Appx. 795, 797-98 (10th Cir. 2004)(carried by arms, after tripping in leg chains, and thrown onto the floor of cell); Reed v. Smith, 1999 WL 345492 *4 (10th Cir. 1999)(rammed inmate against wall and half walked half dragged inmate to receiving and discharge); Leyba v. Strom, 2019 WL 4393399 *4-5 (D.Colo. 9/13/2019)(painful hit above right kneecap); Marshall v. Wiebe, 2018 WL 1806760 *7 (D.Kan. 4/17/2018)(slamming into cell wall and squeezing elbow while placing inmate in segregation); Perrian v.

5

Coons, 2015 WL 1539022 *11-13 (D.Colo. 3/31/2015)(painful and bloody handcuffing procedure where inmate had a fused right wrist and slamming against wall – collecting cases).

On the basis of this authority, the court finds that plaintiff's excessive force allegations fail to state a claim for a violation of plaintiff's constitutional rights.

Plaintiff's allegations regarding exposure of his private parts also fail to state a constitutional claim. Plaintiff's allegations do not describe who viewed plaintiff's genitalia, for how long, or how often. He also does not allege which defendant did what to cause plaintiff's embarrassment and whether the action was knowing and purposeful. As to this claim, his complaint does not meet the standard for pleading a § 1983 claim described in Mohiuddin, Pahls, and Robbins.

IV. Conclusion

For the above-stated reasons, the court believes that the complaint fails to state a claim. The court shall direct that plaintiff by April 22, 2020 show cause why plaintiff's claims should not be dismissed as explained in this order. In the alternative, plaintiff may file an amended complaint by April 22, 2020 which corrects the deficiencies discussed herein. An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed. An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 30th day of March, 2020, at Topeka, Kansas

                        s/Sam A. Crow_____
                        Sam A. Crow, U.S. District Senior Judge